**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**DAVID EDWARD ADAMS,**

      **Petitioner,**

**v.**                                          **Civil Action No. 1:17cv180**
                                                **(Judge Keeley)**

**JOE COAKLEY, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

On October 25, 2017, the Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his sentence, imposed in the United States District Court for the Western District of Virginia. ECF No. 1. Pursuant to a Notice of Deficient Pleading, on November 9, 2017, Petitioner paid the $5.00 filing fee.  ECF No. 5.  On April 23, 2018, Petitioner filed a Motion of Course for Court to Enter Judgment Deductible by Due Process Rights [ECF No. 6]; the motion was construed as one for expedited review and denied by Order entered August 21, 2018.  ECF No. 7.

The matter is referred to the undersigned United States Magistrate Judge for initial screening and to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## II. Factual and Procedural History[1]

### A. Conviction and Sentence

---

[1] The facts are taken from the Petitioner's criminal Case No. 7:06cr22-1 in the United States District Court for the Western District of Virginia, available on PACER.  Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record"); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records.'").

On June 12, 2007, a grand jury sitting in the Western District of Virginia returned a five count indictment charging the Petitioner with Count One: conspiracy to possess with the intent to distribute more than 500 grams of a mixture or substance containing methamphetamine, a Schedule II controlled substance in violation of 21 U.S.C. §§ 841(a)(l) and 846; Count Two: knowingly and willfully possessing with intent to distribute more than 50 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 84l(a)(l) and (b)(I)(B); Count Three: use and carrying of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); Count Four: on November 15, 2005, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and Count Five: on December 6, 2005, being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  ECF No. 3. On October 6, 2006, the Petitioner entered a guilty plea to Counts One and Three. ECF No. 28.

On December 20, 2006, Petitioner was sentenced to 188 months imprisonment on Count One, and 60 months imprisonment on Count Three, the terms to be served consecutively for a total term of imprisonment of 248 months, with 5 years' supervised release on each count, to be served concurrently. ECF No. 33.

**B. Appeal**

Petitioner did not *timely* file a direct appeal.

However, on April 8, 2016, over nine years after the expiration of the 14-day period in which a notice of appeal must be filed, and the expiration of the 30-day excusable neglect period, Adams filed a notice of appeal of his conviction and sentence. ECF No. 52.  By unpublished *per curiam* opinion issued on June 29, 2016, the Fourth Circuit Court of Appeals dismissed the appeal, as well as Adams' attempt to reintroduce his prior appeal from the denial of his sentence

reduction under 18 U.S.C. § 3582(c), construing that attempt as a motion to recall the mandate and denying it because Adams did not present the extraordinary circumstances necessary to warrant such relief. ECF No. 55.

## C. 18 U.S.C. § 3582(c)(2)

On April 2, 2015, Petitioner filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of Amendment 782 to the United States Sentencing Guidelines ("USSG"). ECF No. 39.  By Order entered May 28, 2015, the motion was denied, because Petitioner's sentencing range was not lowered by Amendment 782.  ECF No. 40.  Petitioner appealed. On September 14, 2015, by unpublished *per curiam* opinion, the Fourth Circuit Court of Appeals affirmed the district court. ECF No. 49.

## D. Motion to Vacate

On May 5, 2017, more than ten years after his conviction became final, Petitioner filed a *pro se* Motion Under § 2255. As grounds for relief, he alleged that 1) the United States Supreme Court's recent ruling in "Dean"[2] provided him with sentencing reduction accommodation; and 2) that likewise, the United States Supreme Court's recent ruling in "Mathis"[3] provided him with sentencing reduction accommodation.  ECF No. 58. On June 29, 2017, the district court denied Petitioner's motion as untimely filed, noting, *inter alia*, that neither Dean nor Mathis[4] were retroactively applicable to cases on collateral review. ECF No. 61. Petitioner did not appeal.

---

[2] Dean v. United States, 137 S.Ct. 1170 (2017).

[3] Mathis v. United States, 136 S.Ct. 2243 (2016).

[4] The district court also noted that "[a]s pertinent to Petitioner, Dean held that a sentencing court may consider the mandatory minimum sentence required by 18 U.S.C. § 924(c) when calculating an appropriate sentence for the predicate offense. Dean, *supra* at 1177. Mathis held that "a state crime cannot qualify as an [Armed Career Criminal Act] predicate if its elements are broader than those of a listed generic offense." Mathis, *supra* at 2251. However, the Armed Career Criminal Act does not appear to be pertinent to Petitioner's convictions." United States v. Adams, (W.D. Va. # 61, n1 at 1)(7:06cr22).

3

**D. Instant § 2241 Petition**

Petitioner challenges his sentence, again citing to the Supreme Court's decisions in Mathis and Dean, arguing that both cases are retroactively applicable on collateral review [ECF No. 1-1 at 2] and both afford him "sentencing reduction accommodation." ECF No. 1 at 5. Petitioner contends that his current sentence exceeds the statutory maximum authorized by Congress [ECF No. 1-1 at 2]; he was "over-sentenced" because his sentences on the two charges were consecutive rather than concurrent, and that "his sentence exceeds the criteria for 'cruel and unusual punishment.'" Id. at 6, 18. He contends that his case "featured no violence . . . [and that he was nowhere] near being a career offender," that he was a "criminal history category II offender"[5] who was "wrongfully denied sentence reduction under Amendment 782." Id. at 3 – 4.

Petitioner contends that § 2255 is inadequate or ineffective to test the legality of his detention because "[c]ontinued availability of § 2255 procedure is no longer viable," thus, "[u]nder such circumstances a court need not reach constitutional questions." Id. at 9.  As relief, Petitioner requests that his case be remanded for resentencing to time served. Id. at 8.

### III. Legal Standard

**A.  Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254

---

[5] Petitioner's Presentence Investigation Report in the sentencing court is sealed and has not been reviewed to verify this claim.

Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B. *Pro Se* Litigants**

Courts must read *pro se* allegations in a liberal fashion and hold those *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[6] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for  bringing  vexatious  suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for

---

[6] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided: "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[7] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one. In the Fourth

---

[7]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a) The date on which the judgment of conviction becomes final;
    b) The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
        c) The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d) The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> 1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> 2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> 3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *reh'g en banc denied* June 11, 2018 (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)). In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428. When contesting a sentence through a petition filed under § 2241, a petitioner still must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

_Wheeler_, _supra_, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in _Wheeler_.  _Id._

## IV. Analysis

Although the Petitioner argues that he is entitled to relief under the savings clause, it is clear that he is not. Because the Petitioner is challenging his sentence, the Court must review the petition under the four-part _Wheeler_ test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the Petitioner cannot meet the second element of the _Wheeler_ test, because any change to the settled law which established the legality of Petitioner's sentence has not been deemed to apply retroactively to cases on collateral review.  Because the Petitioner cannot meet the second prong of the _Wheeler_ test, this Court does not need to consider the third or fourth parts of the test.

Petitioner relies on _Mathis v. United States_,[8] 136 S.Ct. 2243 (2016) for his argument  that he was "over-sentenced."   However, his reliance on _Mathis_ is misplaced. Despite Petitioner's contention otherwise, as he has already been advised by the sentencing court, _Mathis_ does not apply retroactively in this Circuit. _See United States v. Adams_, 2017 U.S. Dist. LEXIS 101682, *3, 7:06cr22, 2017 WL 2829704 (W.D. Va. June 29, 2017); _Walker v. Kassell_, Fed. Appx., 2018 WL 2979571 (4th Cir. June 13, 2018). _See also Stewart v. United States_, No. Elh-17-1408. 2017 WL 2361809, at *5 (D. Md. May 31, 2017) (§ 2255 case collecting cases holding that _Mathis is_

---

[8]  In _Mathis_, the Supreme Court clarified the proper application of the categorical and modified categorical approach used in determining whether prior crimes can be considered as predicate offenses for sentencing enhancements under the ACCA, 18 U.S.C. § 934(e), and found that Iowa's burglary statute encompassed conduct broader than that encompassed by federal generic burglary as defined in _Taylor v. United States_, 495 U.S. 575, 598 (1990) and, thus, did not qualify as a crime of violence under the ACCA.

not retroactive*)*; Brandon v. Wilson, No. 3:16cv142, 2017 WL 707497, at *4 (N.D. W.Va. Jan. 30, 2017) (§ 2241 case collecting cases holding Mathis is not retroactive).

In Dean, the Supreme Court held that the mere fact that 18 U.S.C. § 924(c) requires the imposition of a mandatory minimum sentence for a conviction under it does not preclude the sentencing court from considering that sentence when determining the sentence to be imposed for other convictions. Dean, 137 S. Ct. at 1175 - 78. Here, Adams argues that like Dean, he was convicted of two counts, "one being the § 924(c) mandatory minimum, the second by way of an established sentencing guideline range" and that "[b]y law, they are being served consecutively." ECF No. 1-1 at 24. Therefore, he concludes, because his sentence was "greater than necessary to meet the goals of punishment" he is entitled to resentencing to time served. ECF No. 1-1 at 14.

However, the Dean decision is of no assistance to Petitioner either, because it, like Mathis, is not retroactively applicable to cases on collateral review. See United States v. Adams, 2017 U.S. Dist. LEXIS 101682, *3, 7:06cr22, 2017 WL 2829704 (W.D. Va. June 29, 2017); United States v. Dean, 2017 U.S. Dist. LEXIS 204691, *4, 2017 WL 6349834 (D.S.C. Dec. 13, 2017); Rich v. United States, 2018 U.S. Dist. LEXIS 109829, *5, 2018 WL 3219847 (D. Md. July 1, 2018); United States v. Payne, No. 94-CR-150-TCK, 2017 WL 3730612, at *2 (N.D. Okl. Aug. 29, 2017) ("All authority located by this Court indicates that Dean does not announce a new rule of law that was made retroactive to cases on collateral review.") (collecting cases); Millis v. King, 2:17cv184, 2017 U.S. Dist. LEXIS 166831 at *4 (E.D. Ky. Oct. 10, 2017); Simmons v. Terris, No. 17-CV-11771, 2017 WL 3017536, at *3 (E.D. Mich. July 17, 2017) (holding claim under Dean is not cognizable in § 2241 petition); Wells v. Terris, No. 17-CV-12253, 2017 WL 3777120, at *2 (E.D. Mich. Aug. 31, 2017) (same).

Petitioner also cites to <u>Bryant v. Warden, FCC Coleman Medium</u>, 738 F.3d 1253, 1274 (11th Cir. 2013) in support of his argument that his sentence exceeds the statutory maximum authorized by Congress.  However, even if <u>Bryant</u>, an Eleventh Circuit decision, were applicable in this jurisdiction, <u>Bryant</u> is not good law, having been overruled by <u>McCarthan v. Dir. of Goodwill Indus.-Suncoast</u>, 851 F.3d 1076, 1080 (11th Cir. 2017).

Accordingly, the Petitioner cannot meet the second prong of <u>Wheeler</u>.  Because the Petitioner attacks the validity of his sentence, but fails to establish that he meets all four prongs of the <u>Wheeler</u> savings clause test for erroneous sentences, the Petitioner cannot demonstrate that § 2255 is inadequate or ineffective remedy and has improperly filed his petition under § 2241 with respect to his sentence.

Because the Petitioner cannot meet the savings clause of § 2255 under the <u>Wheeler</u> test, Petitioner's claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."   <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. <u>Recommendation</u>

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. Objections shall identify each portion of the magistrate judge's recommended disposition that is being

challenged and shall specify the basis for each objection.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation Order to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

This Report and Recommendation completes the referral from the district court.  The Clerk is directed to terminate the Magistrate Judge's association with this case.

DATE: August 29, 2018

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE