IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID EDWARD ADAMS,**

        Petitioner,

v.                                     CIVIL ACTION NO. 1:17CV180
                                             (Judge Keeley)

**JOE COAKLEY, Warden,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND
DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

**I.**

On October 6, 2006, in the Western District of Virginia, the pro se petitioner, David Edward Adams ("Adams"), pleaded guilty to one count of conspiracy to distribute more than 500 grams of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced Adams to a total term of 248 months of incarceration. Thereafter, Adams pursued an unsuccessful direct appeal, an unsuccessful motion to vacate under 28 U.S.C. § 2255, and an unsuccessful motion to reduce sentence under 18 U.S.C. 3582(c)."[1]

On October 25, 2017, Adams filed the pending Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), attacking

---

[1] Adams's criminal case can be found at Criminal Action No. 7:06CR22-1 in the Western District of Virginia.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

the validity of his sentence (Dkt. No. 1). Relying on Mathis v. United States, 136 S.Ct. 2243 (2016), and Dean v. United States, 137 S.Ct. 1170 (2017), he argues that his sentence "exceeds the statutory maximum authorized by Congress" and is "greater than necessary to meet the goals of punishment" (Dkt. Nos. 1 at 5-6; 1-1 at 12-23). He asks this Court to vacate his sentence and "remand his case for resentencing to time served" (Dkt. No. 1-1 at 26). Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to United States Magistrate Judge Michael J. Aloi for initial screening and a Report and Recommendation ("R&R").

Magistrate Judge Aloi's R&R recommended that the Court dismiss the Petition for lack of jurisdiction because Adams had not demonstrated that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his sentence (Dkt. No. 9). Specifically, the R&R concluded that Adams had not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018). Id. at 8-10.

Adams objects to the R&R's determination that, because the Petition does not fall within the scope of the savings clause, it must be dismissed for lack of jurisdiction (Dkt. No. 11). He specifically objects to the R&R's conclusion that the Supreme

2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND
DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

Court's decisions in Mathis and Dean do not support the application of § 2255's savings clause in this case. Id. at 8-13 (arguing that, despite the magistrate judge's conclusion to the contrary, Mathis and Dean apply retroactively on collaterally review).

**II.**

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Following de novo review of the R&R and the record, the Court concludes that Adams's objections lack merit. Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause").

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

In <u>Wheeler</u>, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing <u>In re Jones</u>, 226 F.3d 328, 333-34 (4th Cir. 2000)). If the petitioner cannot satisfy each of these four requirements, § 2255 is not inadequate or ineffective to test the legality of his sentence, and the court lacks subject matter jurisdiction to consider the claim under § 2241. <u>Id.</u> at 426, 429.

Here, as the magistrate judge concluded, <u>Wheeler</u> precludes any relief under § 2255's savings clause. Even assuming Adams could satisfy the first and third prongs of <u>Wheeler</u>, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong. <u>Id.</u>

ADAMS V. USA                                                    1:17CV180

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9], OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

Liberally construed, Adams argues that, pursuant to Mathis[2] and Dean[3], there have been intervening changes in substantive law that retroactively affect his case. Contrary to Adams's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-13-262, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases on collateral review and collecting cases); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule."); see also Copeland v. Kassell, 733 F. App'x 717 (4th Cir. 2018) (per curiam) (affirming

---

[2] In Mathis, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act (ACCA), if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. at 2247-67.

[3] In Dean, the Supreme Court held that nothing in § 924(c), the statute setting mandatory minimum sentences for using or possessing a firearm in connection with a violent or drug trafficking crime, restricts the authority of sentencing courts to consider a sentence imposed under the mandatory minimum statute when calculating an appropriate sentence for the predicate offense. 137 S.Ct. at 1177.

**ADAMS V. USA**                                               **1:17CV180**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND
DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

dismissal of § 2241 petition because Mathis does not apply retroactively).

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before Adams's conviction, sentence, and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL 1405324, at *4 (S.D. W. Va. Feb. 16, 2018), reported and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D. W. Va. Mar. 20, 2018).

Likewise, courts that have reached the issue have consistently held that Dean does not represent a substantive change in the law that applies retroactively on collateral review. See, e.g., Tomkins v. United States, No. 16-CV-7073, 2018 WL 1911805, at *19-20 (N.D. Ill. Apr. 23, 2018) (concluding that Dean "merely addressed the district court's discretion to consider the imposition of mandatory minimum in sentencing a defendant for other crimes"); United States v. Dawson, 300 F.Supp.3d 1207, 1214 (D. Or. 2018) (concluding that

6

**ADAMS V. USA**                                                   **1:17CV180**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND
DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

Dean does not apply retroactively because the case "was about a sentencing judge's discretion, which is a procedural concern"); see also United States v. Payne, No. 94-CR-150, 2017 WL 3730612, at *2 (N.D. Okla. Aug. 29, 2017) ("All authority located by this Court indicates that Dean does not announce a new rule of law that was made retroactive to cases on collateral review.") (collecting cases).

Accordingly, Adams's continued reliance on Mathis and Dean is misplaced. The Court therefore adopts the magistrate judge's recommendation that Adams has not established his entitlement to the application of § 2255's savings clause.

**III.**

Therefore, because Adams cannot satisfy the requirements of Wheeler,[4] the Court:

---

[4] The Court recognizes that the Supreme Court recently held in United States v. Davis, 139 S.Ct. 2319 (2019), that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Notably, the Fourth Circuit's decision in Wheeler, which set forth the alternative savings clause test to be applied to § 2241 challenges to *sentences*, did not alter or replace the In re Jones savings clause test for § 2241 challenges to *convictions*. Thus, to challenge the legality of his § 924(c) conviction, Adams must be able to satisfy the savings clause test set forth in Jones. 226 F.3d at 333-34. Because Davis sets forth a new rule of constitutional law, the Court concludes that Adams cannot satisfy the third prong of the Jones test. Thus, Adams's remedy, if any, appears to be to seek permission to file a § 2255 motion in the court in which he was sentenced by filing a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fourth Circuit. 28 U.S.C. 2255(h)(2).

ADAMS V. USA                                                    1:17CV180

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 9],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NO. 11], AND
DISMISSING § 2241 PETITION WITHOUT PREJUDICE [DKT. NO. 1]**

- **OVERRULES** Adams's objections to the R&R (Dkt. No. 11);

- **ADOPTS** the R&R (Dkt. No. 9);

- **DENIES** the Petition for lack of subject matter jurisdiction (Dkt. No. 1);

- **DENIES as MOOT** Adams's "Motion of Course for Court to Enter Judgment Deductible by Due Process Rights" (Dkt. No. 12); and

- **DISMISSES** this case **WITHOUT PREJUDICE**.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to the pro se petitioner, certified mail and return receipt requested.

DATED: July 30, 2019

>  /s/ Irene M. Keeley
>  IRENE M. KEELEY
>  UNITED STATES DISTRICT JUDGE